IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT IVERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:07-CV-448 |
| | ) |
| BILL WILSON, Superintendent, | ) |
| MARY TREADWELL, Assistant | ) |
| Superintendent, SHARON HAWK, | ) |
| G.S.C. Director, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court pursuant to 28 U.S.C. § 1915A. The Plaintiff, Scott Ivers, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (D.E. # 1) on September 21, 2007. For the reasons set forth below, the Court **DISMISSES** this complaint. The Clerk is **ORDERED** to close the case.

Ivers brings this case under § 1983 alleging that the defendants, the superintendent of the correctional facility, assistant superintendent of the correctional facility, and the director of his housing complex violated his Eighth Amendment rights because Officer Parsons forced him to remain outside in the sun resulting in a severe sunburn and sun poisoning. Specifically, Ivers claims that on September 4, 2007, at 7:30 a.m. Correctional

Officer Parson told his dorm to go to recreation. At about 10:30 a.m., Ivers advised Officer Parson that he was getting severely burned and needed a place to get out of the sun. Officer Parson told him he had to stay in the G.S.C. recreation yard. After recreation was over and the next shift began, Ivers advised Officer Guiterez that he needed to go to urgent care. There a nurse told Ivers that he had sun-poisoning and second degree burns. She gave him some cream for the burns and told him to stay out of the sun for 5 days. Later that night, Ivers went back to urgent care because he "felt really bad" and there he got a shot to keep him from getting sick. Ivers seeks $45 million in damages.

Pursuant to § 1915A, the Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). During this review, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

This Court reviews complaints under § 1915A using the same standards for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under Rule 12(b)(6) dismissal is appropriate if the Plaintiff fails to "show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang v. TCF Nat. Bank*,

No. 07-1415, 2007 WL 2752360, *2 (7th Cir. September 21, 2007) (quoting *EEOC v. Concentra Health Care Servs., Inc.,* No. 06-3436, 2007 WL 2215764, at *2 (7th Cir. Aug. 3, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (further citations omitted))).

To state a claim for relief under § 1983, a plaintiff must allege, *inter alia*, that the individual defendants caused the claimed constitutional violation. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996). And for state supervisory officials sued in their individual capacity, a plaintiff must allege their direct responsibility for the improper action. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).[1]

Here, Ivers fails to allege that the defendants were directly responsible for the improper action. For example, he fails to allege their personal involvement in the incident or that they knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye. *See, e.g., Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003); *Moore*, 999 F.2d at 1129. Indeed, Ivers never even attempts to allege a theory upon which the defendants, the facility's superintendent, the assistant superintendent, and the director of his housing complex, should be

---

[1] Although Ivers fails to indicate whether he is suing the defendants in their official or individual capacity, because Ivers seeks money damages from state officials, his claims may only properly be brought against the defendants in their individual capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

3

held liable.

What Ivers does allege is that correctional officer Parsons injured him by allowing him to become sunburned. But Officer Parsons is not a defendant, and the defendants cannot be held liable under § 1983 on a respondeat superior theory for Officer Parson's actions. *Perkins v. Lawson*, 312 F.3d 872, 785 (7th Cir. 2002).

Hence, even accepting Ivers' factual allegations as true, no set of facts consistent with those allegations would impose liability upon the defendants. *Moore*, 999 F.2d at 1129; *Perkins* 312 F.3d at 875. Accordingly, plaintiff's complaint is **DISMISSED**. The Clerk is further **ORDERED** to close this case.

**DATED: November 26, 2007**               /s/ RUDY LOZANO, Judge
                                           **United States District Court**